[Civ. No. 41545. First Dist., Div. Three. June 12, 1978.]

In re DONALD L., a Person Coming Under the Juvenile Court Law.
JOHN A. DAVIS, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DONALD L., Defendant and Appellant.

**COUNSEL**

Michael Todd Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and Ina Levin Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTT, Acting P. J.**—A supplemental petition filed in the Contra Costa County Juvenile Court alleged that Donald L., a 17-year-old ward of the court, burglarized a certain residence in Martinez on December 9, 1976. A jurisdictional hearing before a referee was set for January 6, 1977. At the commencement of that proceeding, the juvenile moved to suppress certain evidence on the ground it had been unlawfully seized (Pen. Code, § 1538.5). The referee granted the motion to suppress and then dismissed the petition. The juvenile court, on its own motion, ordered a rehearing of the section 1538.5 motion (Welf. & Inst. Code, § 253). The juvenile court judge ruled that the evidence had been lawfully seized and denied the juvenile's section 1538.5 motion. The court then found the allegations of the petition to be true. Following a disposition hearing before a referee, the court committed the minor to the Youth Authority. The minor appeals.

*Double Jeopardy Issue*

██ Appellant contends his Fifth Amendment protection against double jeopardy was violated when the juvenile court ordered a rehearing after the referee had suppressed the evidence and dismissed the petition (see *Jesse W.* v. *Superior Court* (1978) 20 Cal.3d 893 [145 Cal.Rptr. 1, 576 P.2d 963]). The record shows that a jurisdictional hearing was calendared for hearing before a juvenile court referee. When the parties appeared for that hearing, however, appellant's counsel made an oral motion to

suppress the evidence on the ground it was unlawfully seized. After hearing testimony of the arresting officer, the referee granted the section 1538.5 motion and dismissed the petition before the judisdictional phase of the hearing was "entered upon." Upon those circumstances, appellant was not placed in jeopardy at the hearing before the referee, and thus the rehearing before the juvenile court judge did not constitute double jeopardy.

Motions to suppress evidence pursuant to Penal Code section 1538.5 may be heard by referees and their rulings reviewed de novo by a juvenile court judge. However, in light of *Jesse W.* it behooves juvenile courts to make a clear record separating motions to suppress from jurisdictional hearings.

*Search and Seizure Issue*

At about 9 p.m. on December 9, 1976, Martinez Police Officer Gerald Walmsley was on routine patrol in a marked police car, accompanied by a reserve police officer, when he received a police radio dispatch concerning a suspicious subject in the 1000 block of Arreba Street. An elderly woman, who lived alone, had reported that a white male, wearing a maroon jacket and a maroon beanie cap, had knocked on the door of her residence, that when she went to the door the young man asked for a person by the name of "Kim," that she told him no person by that name lived at that address, and then the man had left. Officer Walmsley immediately drove to the area of Arreba Street and saw appellant walking near an intersection about five blocks from the residence of the elderly woman who had reported the incident. Appellant was wearing a maroon jacket and a maroon beanie cap. Officer Walmsley stopped his patrol car and told appellant to stop. The officer observed that appellant was carrying an instrument of some kind in one hand and ordered him to drop it. Appellant dropped the object on the ground. Officer Walmsley approached appellant and picked up the object which was a "club type" instrument, about 14 inches long, covered with imitation leather and with metal spikes protruding from it. Officer Walmsley told appellant that possession of such a weapon is a felony (see Pen. Code, § 12020), and asked where he had obtained it. Appellant said he found it in a park about two blocks away. Officer Walmsley handed the instrument to the reserve officer and asked appellant whether he was carrying any other weapons. Appellant replied, "No," but the officer nevertheless decided to pat-search appellant for weapons before questioning him about the incident at the elderly woman's house. In the process of the pat-search,

Officer Walmsley felt a hard object, which he believed to be a knife, in the right-hand pocket of appellant's jacket. Officer Walmsley reached into the pocket and removed the hard object which was a straight-edge razor. When Officer Walmsley reached into appellant's pocket, he also felt a number of other objects such as rings, necklaces, and watches. Suspecting that the objects had been stolen, Officer Walmsley removed the following objects from appellant's right-hand jacket pocket: several pieces of jewelry, including rings and a small piece of jade, compact watches, roach clips, and a left-hand glove. Officer Walmsley then told appellant he was under arrest for "suspicion of burglary," since the officer was aware that a number of burglaries had been committed in that area recently and that only jewelry had been stolen. A further search of appellant's left-hand jacket pocket disclosed more jewelry, including rings and brooches, a watch, a letter opener, more roach clips, and a right-hand glove. It was later determined that the objects found in appellant's pocket, as well as the 14-inch club, had been stolen from a certain burglarized residence in Martinez.

In contending that the stolen property was unlawfully seized from the pockets of his jacket, appellant argues that the initial detention was unlawful because his walking down the street of a residential area at 9:30 p.m. was as consistent with innocence as with criminal activity, and that the detention was based on a "mere hunch," citing *Irwin* v. *Superior Court* (1969) 1 Cal.3d 423 [82 Cal.Rptr. 484, 462 P.2d 12], and *Remers* v. *Superior Court* (1970) 2 Cal.3d 659 [87 Cal.Rptr. 202, 470 P.2d 11]. ■ The argument, however, is without merit since appellant matched the description of the person who had knocked on the door of an elderly woman, asked for a person who did not live there, and was then seen in the area carrying a 14-inch club with spikes in it. Under the circumstances, the detention was lawful (see generally, *People* v. *Flores* (1974) 12 Cal.3d 85, 91 [115 Cal.Rptr. 225, 524 P.2d 353]).

■ Appellant argues that if the detention was lawful, the seizure of the stolen jewelry from his jacket pockets was nevertheless unlawful because it exceeded the scope of a lawful pat-search for weapons. Under established rules, however, Officer Walmsley was justified in pat-searching appellant for weapons (see *People* v. *Mickelson* (1963) 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Mosher* (1969) 1 Cal.3d 379, 394 [82 Cal.Rptr. 379, 461 P.2d 659]). Once the officer felt a hard object which he thought was a knife, he was justified in removing the object from appellant's pocket (*People* v. *Mosher, supra*; *People* v. *Collins* (1970) 1 Cal.3d 658, 663 [83 Cal.Rptr. 179, 463 P.2d

403]). If, in the course of removing a suspected weapon from the detainee's pocket, the officer removes additional objects which turn out to be contraband or evidence linking him with a crime, the removal of the additional objects does not constitute an unlawful search and seizure (cf. *People* v. *Mosher, supra,* where the officer felt what he thought was a weapon in the defendant's pocket and removed a wristwatch which linked defendant to a murder victim; *People* v. *Watson* (1970) 12 Cal.App.3d 130 [90 Cal.Rptr. 483], where the officer felt what he thought was a weapon in defendant's pocket and, in the course of removing it, also pulled out a plastic bag of marijuana cigarettes). Accordingly, under the circumstances of this case, the removal of the assorted items of jewelry from appellant's jacket pockets did not constitute an unlawful search.

Appellant argues that even if the jewelry was lawfully removed from his pockets during a lawful detention, that the mere presence of the jewelry in his pocket did not give the officer probable cause to arrest him for burglary, and, therefore, the seizure of the jewelry cannot be justified on a theory that it was seized incident to a lawful arrest. Under the circumstances, however, Officer Walmsley could have reasonably believed that the assorted objects of jewelry, including women's jewelry, were probably stolen (see generally, *People* v. *Ingle* (1960) 53 Cal.2d 407, 412-414 [2 Cal.Rptr. 14, 348 P.2d 577]).

In any event, even if Officer Walmsley did not have probable cause to arrest appellant for burglary, he had probable cause to arrest appellant for unlawful possession of a "billy" or "blackjack" (see Pen. Code, § 12020; *People* v. *Grubb* (1965) 63 Cal.2d 614, 620-621 [47 Cal.Rptr. 772, 408 P.2d 100]; *People* v. *Canales* (1936) 12 Cal.App.2d 215 [55 P.2d 289]). Officer Walmsley initially told appellant that possession of a weapon such as the one he was carrying was a felony. The fact the officer did not formally place appellant under arrest for that offense did not invalidate the arrest or require exclusion of the evidence seized incident to the arrest (see *People* v. *Maddox* (1956) 46 Cal.2d 301, 305 [294 P.2d 6]; *People* v. *Hall* (1964) 62 Cal.2d 104, 108, fn. 5 [41 Cal.Rptr. 284]; see also *People* v. *Bevins* (1970) 6 Cal.App.3d 421, 427 [85 Cal.Rptr. 876]). ■ The fact an officer may place a person under arrest for the wrong offense does not invalidate the arrest and require exclusion of evidence seized incident to the arrest, if the officer nevertheless had probable cause to arrest the person for another offense (see, e.g., *People* v. *Walker* (1969) 273 Cal.App.2d 720, 725 [78 Cal.Rptr. 439]; *People* v. *Kelley* (1969) 3 Cal.App.3d 146, 151 [83 Cal.Rptr. 287]; *People* v. *Farley* (1971) 20

Cal.App.3d 1032 [98 Cal.Rptr. 89]; *People* v. *Howell* (1973) 30 Cal.App.3d 228, 235-236 [105 Cal.Rptr. 748]).

Accordingly, we conclude that the evidence in question was lawfully seized, and that the juvenile court did not err in denying appellant's section 1538.5 motion to suppress the evidence.

The order of commitment to the Youth Authority is affirmed.

Feinberg, J., and Abbe, J.,* concurred.

A petition for a rehearing was denied July 12, 1978, and appellant's petition for a hearing by the Supreme Court was denied August 10, 1978.

---

*Assigned by the Chairperson of the Judicial Council.