Opinion
 

 FRANSON, J.
 

 This appeal challenges the denial by the Tuolumne County Superior Court of a suppression motion made by a minor against whom wardship proceedings had been commenced pursuant to Welfare and Institutions Code section 602. Two questions of first impression are presented; (1) Does Penal Code section 1538.5 apply to juvenile court proceedings so that a minor who admits the allegations of a wardship petition may obtain appellate review of the denial of his motion to suppress?
 
 [1]
 
 (2) Do the equal protection clauses of the California Constitution article I, section 7 and the United States Constitution 14th Amendment require that a minor be afforded the same right of appellate review following admission of the petition’s allegations as is afforded to a defendant who pleads guilty to a criminal offense? We answer these questions in the negative, and therefore do not reach appellant’s claim that evidence admitted at his jurisdictional hearing was the product of an unlawful detention. Nonetheless, we reverse the judgment and remand
 
 *251
 
 the action to the Tuolumne County Juvenile Court with directions to allow appellant to withdraw his admission to the petition, since he was misled as to his appellate rights by the district attorney and the trial court who were under the misconception that section 1538.5 does apply to wardship proceedings.
 

 Procedural Chronology
 

 The wardship petition alleged that appellant was within the jurisdiction of the juvenile court by reason of seven alleged violations of Penal Code section 459 (auto burglary). Appellant initially denied the allegations and moved to suppress evidence pursuant to Penal Code section 1538.5. At the hearing the motion was referred to as a section 1538.5 motion by both the district attorney and the court. The motion was denied.
 

 Appellant subsequently entered into plea negotiations with the district attorney. Pursuant to these negotiations, he admitted four counts of misdemeanor burglary, and the other allegations of the petition were dismissed. The court then found appellant to be a person described by Welfare and Institutions Code section 602.
 

 Appellant filed a notice of appeal in Tuolumne County from the order denying his motion to suppress and from the order declaring him a ward of the juvenile court. On that same day, the court entered an order reciting the jurisdictional findings and ordering the case transferred to Stanislaus County, where the minor resided, for a dispositional hearing. Thereafter, a Stanislaus County Juvenile Court referee entered a dispositional order continuing appellant a ward of the court and placing appellant on probation, upon various terms and conditions, including commitment to the juvenile hall for 60 days. Appellant then filed a second notice of appeal raising issues pertaining to the dispositional order.
 

 The People filed motions to dismiss both appeals contending that Penal Code section 1538.5 does not provide a jurisdictional basis for an appeal from the denial of the suppression motion since that section applies only in criminal cases. The People also argued that the appeal from the dispositional order had to be dismissed because there was no reporter’s transcript of the dispositional proceedings. We consolidated the motions to dismiss with the appeal.
 

 
 *252
 
 Penal Code Section 1538.5 Is Inapplicable to Juvenile Court Proceedings
 

 The only ground asserted by appellant which would entitle him to review of the ruling on his suppression motion is Penal Code section 1538.5, subdivision (m),
 
 [2]
 
 which provides for such review on appeal from a conviction, notwithstanding the fact that the conviction was predicated on a guilty plea. The People contend that section 1538.5 does not apply to juvenile proceedings because that section refers only to criminal cases, whereas wardship proceedings pursuant to Welfare and Institutions Code section 602 are civil proceedings. Welfare and Institutions Code section 203 provides: “An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding.”
 

 It is apparent from the language of section 1538.5 that the Legislature did not intend the statute to apply to juvenile court proceedings. The statute provides that a “defendant” may move to suppress as evidence anything obtained as a result of a search or seizure (Pen. Code, § 1538.5, subd. (a)); that the proceedings shall constitute the sole and exclusive remedies prior to “conviction” where the person making the motion is a defendant in a “criminal case” (Pen. Code, § 1538.5, subd. (m)); and that a defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case, notwithstanding the fact that the conviction is predicated on a “plea of guilty”
 
 {ibid.).
 
 This language precludes application of the statute to juvenile wardship proceedings.
 

 We turn now to appellant’s equal protection argument. There is no question that the state has created a classification by giving those persons charged with crime in the adult court the right to appeal a search and seizure ruling following a plea of guilty, whereas a minor processed in the
 
 *253
 
 juvenile court has no such right. However, “ ‘[t]he Legislature is not bound, in order to adopt a constitutionally valid statute, to extend it to all cases which might possibly be reached, but is free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident.’ ”
 
 (In re Ricky H.
 
 (1970) 2 Cal.3d 513, 521-522 [86 Cal.Rptr. 76, 468 P.2d 204], quoting from
 
 Board of Education
 
 v.
 
 Watson
 
 (1966) 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) Legislation affecting only a particular class is constitutional if it is based upon some difference or distinction having a substantial relation to the purpose of the statute. Unless the legislation creates a “suspect” classification or violates a fundamental right, the court must presume the classification is valid and the statute constitutional. (See generally,
 
 Weber
 
 v.
 
 City Council
 
 (1973) 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601];
 
 In re Ricky H., supra, 2
 
 Cal.3d 513, 522;
 
 Hetherington
 
 v.
 
 State Personnel Bd.
 
 (1978) 82 Cal.App.3d 582, 588, 590 [147 Cal.Rptr. 300]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 343, pp. 3638-3639.) The Constitution does not require that the procedures in wardship proceedings be identical to the procedures employed in criminal prosecutions against adults; disparities which do not directly affect a fundamental right are constitutionally permissible when reasonably related to a proper purpose.
 
 (In re Mitchell P.
 
 (1978) 22 Cal.3d 946, 950-951 [151 Cal.Rptr. 330, 587 P.2d 1144].)
 

 Here, the classification need only be rationally related to a proper legislative purpose in order to be constitutionally valid. Unlike the situation in
 
 People
 
 v.
 
 Olivas
 
 (1976) 17 Cal.3d 236, where the classification directly affected the fundamental right to liberty (a juvenile had been committed for a longer term than adults could be incarcerated for commission of the same offense) thereby compelling the court to invoke the “strict scrutiny” standard of review, the classification in this case does not “directly” affect a fundamental right. (See
 
 In re Mitchell P., supra, 22
 
 Cal.3d 946, 950, fn. 3.) Assuming that the right to have illegally obtained evidence excluded at a jurisdictional hearing is a fundamental right, that right is not defeated by this legislative classification. The minor need only deny the petition’s allegations to preserve the right to review of the search and seizure question. Prior to enactment of Penal Code section 1538.5, an adult could not appeal a search and seizure ruling following a plea of guilty; the plea admitted all essential allegations of the crime, thereby rendering the legality of the search and seizure irrelevant. (See
 
 People
 
 v.
 
 De Vaughn
 
 (1977) 18 Cal.3d 889, 895, 896, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872];
 
 People
 
 v.
 
 Ribero
 
 (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308].)
 

 
 *254
 
 Only by the enactment of section 1538.5, subdivision (m) did the Legislature give an adult the right to appeal the denial of a suppression motion following a plea of guilty. Thus, a minor charged in a wardship petition is in the same position as an adult prior to the enactment of section 1538.5—he can preserve his appellate right as to the search and seizure issue by denying the petition and appealing from the dispositional order if the jurisdictional allegations are found to be true. (Welf. & Inst. Code, § 800; see
 
 In re Melvin S.
 
 (1976) 59 Cal.App.3d 898, 900-901 [130 Cal.Rptr. 844]; see also Walker, Cal. Juvenile Court Practice (Cont.Ed. Bar Supp. 1977) § 157, p. 61.) Therefore, the right at stake here is not the fundamental right to be free from unreasonable searches and seizures, but a much narrower right—to appeal from an adverse ruling on a suppression motion without first denying the charges of the wardship petition.
 

 Since the statute does not directly affect a fundamental right or create a “suspect” classification, we need only ask whether there is a rational legislative basis for affording adults the right to appellate review of the denial of a suppression motion following a guilty plea without affording a similar right to minors. We conclude that the legislative classification is rationally related to the purpose of the statute.
 
 [3]
 

 Penal Code section 1538.5 was enacted in 1967 to remedy the deficiencies in the existing law concerning the procedure for suppression of illegally obtained evidence. (See 22 Assem. Interim Com. Rep. (1965-1967) No. 12, Crim. Procedure, p. 9, 2 Appen. to Assem. J. (1967 Reg. Sess.).) The basic problem was the unnecessaiy expenditure of time and effort on repeated search and seizure objections and especially the disadvantageous use of jury time since the admissibility question had to be determined outside the jury’s presence
 
 (id.,
 
 at pp. 9-14). Another legislative concern was the undue restriction on the People’s right to appeal under the existing law. To remedy these deficiencies, the Assembly committee recommended that the legality of a search and seizure be determined finally before trial and that the prosecutor be given greater latitude in initiating appellate review
 
 (id.,
 
 at p. 18). Section 1538.5 is a response to these recommendations.
 

 There is a rational basis for the disparity in appellate rights between juveniles and adults. There is no jury in the juvenile court; therefore,
 
 *255
 
 litigation of search and seizure questions at the adjudication, hearing will not waste jury time. Nor can we conclude that the jurisdictional hearing will be unduly prolonged by requiring a minor to contest the jurisdictional allegations of the petition in order to preserve his appellate right to the search and seizure question.
 
 [4]
 
 In short, the difference in appellate rights between those persons charged with crime in the adult courts and those charged in wardship proceedings in the juvenile court cannot be deemed wholly irrational. It is a legislative matter.
 

 The Dispositional Order
 

 The portion of the dispositional order removing appellant from the custody of his parents and placing him in the juvenile hall for 60 days as a condition to probation is ineffective since it was not approved by a judge within two judicial days. (Welf. & Inst. Code, § 249; Cal. Rules of Court, rule 1318(b)(1).) However, the order declaring wardship is effective and appealable. The notice of appeal filed after the dispositional proceeding in Stanislaus County is sufficient to confer jurisdiction on this court to review both the jurisdictional and dispositional proceedings which resulted in the judgment against appellant (Welf. & Inst. Code, § 800;
 
 In re Melvin S., supra, 59
 
 Cal.App.3d 898, 900-901; see also Walker, Cal. Juvenile Court Practice,
 
 supra,
 
 atp. 61).
 

 Because the record indicates that appellant believed he would have the right to appeal the denial of his motion to suppress when he admitted the allegations of the petition, the matter should be remanded to the juvenile court with directions to permit appellant to withdraw his admission. The People have conceded a remand is appropriate if appellant was misled as to his appellate rights.
 

 The judgment is reversed; the matter is remanded to the juvenile court with directions to permit appellant to withdraw his admission of the allegations of the petition.
 

 Brown (G. A.), P. J., and Zenovich, J., concurred.
 

 [1]
 

 Other courts have simply assumed that section 1538.5 applies in juvenile wardship proceedings (see
 
 In re Richard C.
 
 (1979) 89 Cal.App.3d 477, 487, fn. 8 [152 Cal.Rptr. 787];
 
 In re Donald L.
 
 (1978) 81 Cal.App.3d 770, 773 [146 Cal.Rptr. 720]). Apparently no court has specifically addressed the question.
 

 [2]
 

 Section 1538.5, subdivision (m) provides as follows: “(m) The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.”
 

 [3]
 

 We do not by this comment suggest that the minor should not be given this right. This is a matter for legislative determination. It may well have been an oversight and, if so, it should be corrected promptly by the Legislature.
 

 [4]
 

 Appellant has argued that if the procedures for suppression of illegally seized evidence set forth in section 1538.5 are not applicable in wardship proceedings, juveniles will be required to engage in unnecessary jurisdictional contests to preserve their appellate rights. However, the parties could agree to litigate only the questions pertinent to the search and seizure by stipulating to the facjs relevant to other issues. This method of proceeding could be used in appropriate cases until the Legislature acts to clarify the procedures for suppression of evidence in wardship proceedings.