[Civ. No. 46433. First Dist., Div. Three. Nov. 16, 1979.]

In re JOSEPH H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH H., Defendant and Appellant.

COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Dennis A. Fischer, Kenneth I. Clayman and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

TAKEI, J.*—Joseph H. appeals from the sustaining of a petition alleging that he is a minor coming within the provisions of Welfare and

*Assigned by the Chairperson of the Judicial Council.

Institutions Code section 602 by virtue of his violation of Vehicle Code section 20002, subdivision (a). Appellant contends that denial of his motion for acquittal pursuant to Penal Code section 1118 was erroneous.

On February 2, 1979, at about 6:30 p.m., a woman residing at 77 Sea Cliff Avenue, Daly City, heard a loud crash outside her home. She ran to look for the source of the noise and saw three damaged cars. She saw a boy emerge from the driver's door of the white car which was the only occupied car. She watched him run down an otherwise empty street and she hollered "Somebody stop him." She did not see his face and she was unable to identify him but she did recognize the car from which he had emerged. It belonged to the son of a woman named Rose who lived some seven to eight doors down the street from 77 Sea Cliff Avenue, the direction in which the boy had fled.

Officer Pamela Hiar of the Daly City Police Department heard the loud crash but she could not see the source of the sound. She did see a boy, whom she identified as appellant, running down Sea Cliff Avenue in her direction and she saw him run into a house located at 41 Sea Cliff Avenue. She knocked at the door of that house and asked the young girl who answered to ask the boy who had just run into the house to come to the front door. Appellant came to the door and when she asked him why he ran into the house he said "I was always in the house. I didn't run in the house, I was here."

Hiar asked appellant to accompany her as she walked up the street and appellant complied. As they were leaving the house, appellant pointed to the driveway and asked "Where's Rose's car?" Hiar asked him what he meant and he said that the lady who lived there had her car parked in the driveway. They went to the scene of the accident and appellant mentioned that one of the cars was the one he had been talking about, Rose's car. That was the car from which the witness had seen the boy running. At the hearing in juvenile court, a woman who lived at 81 Sea Cliff Avenue testified that the parked cars damaged in the accident belonged to her and her son and that no one had come to her to leave a name and address.

The minor was the only witness on his own behalf and he said that he had been living with Rose's family at 41 Sea Cliff and that he had indeed been involved in an accident with parked cars. He said that he left the scene of the accident in order to get help at Rose's house. He said

that he asked Rose's adult daughter for help and expected her to return to the scene with him. This plan, he said, was interrupted by Hiar's arrival. He explained that he did not leave a note because he lacked pencil and paper. After presentation of the prosecution's case in the court below, appellant moved for judgment of acquittal pursuant to Penal Code section 1118.* He contends that denial of the motion was erroneous because at the close of the prosecution's case there was no evidence that appellant was the driver of the car.

■ Not all rules of criminal procedure are applicable to juvenile courts. (*In re Mitchell P.* (1978) 22 Cal.3d 946, 953 [151 Cal.Rptr. 330, 587 P.2d 1144]; *In re David G.* (1979) 93 Cal.App.3d 247, 253 [155 Cal.Rptr. 500]; see *McKeiver v. Pennsylvania* (1971) 403 U.S. 528, 533 [29 L.Ed.2d 647, 653-654, 91 S.Ct. 1976].) "[W]hen due process and other constitutional demands have been satisfied, reasonable differences in criminal and juvenile evidentiary procedures are constitutionally permissible." (*In re Mitchell P., supra,* 22 Cal.3d at p. 953.) Equal protection does not forbid differences in the formalities with which a court goes about determining whether an individual has committed criminal misconduct; courts must "look to the consequences of the proceeding rather than the formal labels to determine what rights are appropriately applied to juvenile proceedings." (*In re Gladys R.* (1970) 1 Cal.3d 855, 866, fn. 21 [83 Cal.Rptr. 671, 464 P.2d 127].)

■ The language of Penal Code section 1118 reveals that "the Legislature did not intend the statute to apply to juvenile court proceedings." (See *In re David G., supra,* 93 Cal.App.3d at p. 252.) A juvenile cannot waive a jury in a wardship proceeding for he has no right to a jury in such a proceeding. (*McKeiver v. Pennsylvania, supra,* 403 U.S. at p. 545 [29 L.Ed.2d at p. 661]; *In re Daedler* (1924) 194 Cal. 320 [228 P. 467]; *In re T.R.S.* (1969) 1 Cal.App.3d 178, 182 [81 Cal.Rptr. 574].) Nor is a juvenile formally subject to a "judgment of acquittal" or a "not guilty" finding. In addition, the manifest purpose of a section of this type is to terminate the case at the earliest possible

---

*Penal Code section 1118 provides: "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right." Section 1118.1 provides for a similar motion in a trial before a jury.

time when the prosecution's evidence is insufficient to support conviction. (*People* v. *Valerio* (1970) 13 Cal.App.3d 912, 921 [92 Cal.Rptr. 82]; *People* v. *Odom* (1970) 3 Cal.App.3d 559, 565 [83 Cal.Rptr. 520].) Provided that in both adult and juvenile criminal proceedings the charged misconduct is established by proof beyond a reasonable doubt (*In re Mitchell P., supra,* 22 Cal.3d at p. 953), neither equal protection nor "fundamental fairness" *requires* that a court ascertain whether the prosecution has met this burden before the defendant rests. We hold, therefore, that Penal Code section 1118 is inapplicable to juvenile court proceedings.

■　With regard to the contention of insufficiency of evidence, applying the well known rules of the appellate court's function in this area (see, e.g., *People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *In re Roderick P.* (1972) 7 Cal.3d 801, 809 [103 Cal.Rptr. 425, 500 P.2d 1]), we find substantial evidence in the record to support the conclusions of the trier of fact.

The judgment is affirmed.

White, P. J., and Scott, J., concurred.

A petition for a rehearing was denied December 14, 1979, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1980.