[No. A016716. First Dist., Div. Three. Sept. 16, 1982.]

ABDULLAH B., Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. A017368. First Dist., Div. Three. Sept. 16, 1982.]

PHILLIP L., Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Paul Ligda, Public Defender, Emily D'Orazio, Deputy Public Defender, Biggam, Christensen & Minsloff and Stephen M. Laberge for Petitioners.

No appearance for Respondents.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart, Mary A. Roth, Robert R. Granucci and Michael Buzzell, Deputy Attorneys General, for Real Party in Interest.

OPINION

**BARRY-DEAL, J.**—These two petitions, brought by juveniles from two different counties, challenge rulings made on their motions to suppress evidence. We do not reach the merits of either petition because we conclude that a juvenile is not entitled to pretrial[1] review of a suppression ruling made by the juvenile court. While we have not formally consoli-

---

[1] We use the term "trial" only for editorial convenience. We are fully aware of the distinctions between a criminal trial and a juvenile court jurisdictional hearing.

dated these two petitions, we dispose of them in the same opinion because the same reasoning applies to both.

The facts of these two cases are not important to our decision. It is sufficient to state that after arraignment in juvenile court on a petition charging burglary and receiving stolen property, each juvenile moved to suppress evidence pursuant to Welfare and Institutions Code section 700.1. After denial of the motions, each juvenile petitioned this court for a writ, citing as authority Penal Code section 1538.5. We issued alternative writs and solicited briefing on the propriety of pretrial review.

Welfare and Institutions Code section 700.1, added by Statutes 1980, chapter 1095, section 2, page 3511, specifically authorizes a juvenile to move to suppress evidence which might be used against him, stating as follows: "Any motion to suppress as evidence any tangible or intangible thing obtained as a result of an unlawful search or seizure shall be heard prior to the attachment of jeopardy and shall be heard at least five judicial days after receipt of notice by the people unless the people are willing to waive a portion of this time.

"If the court grants a motion to suppress prior to the attachment of jeopardy over the objection of the people, the court shall enter a judgment of dismissal as to all counts of the petition except those counts on which the prosecuting attorney elects to proceed pursuant to Section 701.

"If, prior to the attachment of jeopardy, opportunity for this motion did not exist or the person alleged to come within the provisions of the juvenile court law was not aware of the grounds for the motion, that person shall have the right to make this motion during the course of the proceeding under Section 701."

Welfare and Institutions Code section 800 provides for appeal from a juvenile court judgment, and includes the language: "... A ruling on a motion to suppress pursuant to Section 700.1 shall be reviewed on appeal even if the judgment is predicated upon an admission of the allegations of the petition or even if the judgment is a dismissal of the petition or any court or courts [sic] thereof ...." No code provision mentions the possibility of pretrial writ review of a ruling on a juvenile's suppression motion.

The Attorney General contends that the code's silence precludes pre-trial writ review. Petitioners argue that a nonstatutory right to pretrial review can be derived from examination of the history of suppression motions in California. We read the history differently.

In *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R. 2d 513], when the California Supreme Court first announced the exclusionary rule as a "judicially declared rule of evidence" (*id.*, at p. 442), it noted that it was opening the door "to the development of workable rules governing searches and seizures and the issuance of warrants ..." (*id.*, at p. 451). In an opinion filed the same day, the court discussed procedures for seeking suppression of evidence, rejecting a suggestion by the Attorney General that the defendant should have sought suppression by a pretrial motion. (See *People* v. *Berger* (1955) 44 Cal.2d 459 [282 P.2d 509].)

In *Berger* the defendant had successfully moved prior to trial to have seized property returned, but did not seek suppression until trial, when the prosecution sought to introduce photocopies of the illegally seized materials. The *Berger* court noted that a pretrial motion procedure had been attempted by the federal courts when the federal exclusionary rule had been announced by the United States Supreme Court, but that the procedure had been modified in recent years. The *Berger* court noted the rule that "[o]rdinarily preliminary questions of fact that govern the admissibility of evidence are determined by the trial court when objection is made to the introduction of the evidence at the trial, and the experience of the federal courts indicates that there are no compelling reasons why an exception to the general rule should be made in the case of illegally obtained evidence. [Citations.]" (*Id.*, at p. 464.)

In spite of the *Berger* court's misgivings about pretrial suppression motions, a practice developed of permitting such motions to be brought in connection with statutory motions to return unlawfully seized property. (Pen. Code, § 1540; see *Ballard* v. *Superior Court* (1966) 64 Cal. 2d 159, 164 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *People* v. *Carter* (1957) 48 Cal.2d 737, 746-747 [312 P.2d 665]; *People* v. *Gershenhorn* (1964) 225 Cal.App.2d 122, 125 [37 Cal.Rptr. 176]; Witkin, Cal. Evidence (2d ed. 1966) Exclusion of Illegally Obtained Evidence, § 65, pp. 65-66.) However, before the adoption of Penal Code section 1538.5, a superior court ruling refusing to suppress evidence

could not be reviewed by pretrial writ.[2] (*Ballard* v. *Superior Court, supra*, 64 Cal.2d 159, 164-165.)

Adoption of Penal Code section 1538.5 in 1967 (Stats. 1967, ch. 1537, § 1, p. 3652) brought a complete pretrial suppression motion procedure, including authorization for either the defendant or the People to seek pretrial writ review from an adverse ruling (Pen. Code, § 1538.5, subds. (i) and (o)). As was observed in *In re David G.* (1979) 93 Cal. App.3d 247, 252 [155 Cal.Rptr. 500], "[i]t is apparent from the language of section 1538.5 that the Legislature did not intend the statute to apply to juvenile court proceedings." The section uses the terminology, "defendant," "conviction," "criminal case," and "plea of guilty," language which is inconsistent with juvenile wardship proceedings. (*Ibid.*)

Shortly after the *David G.* court held that Penal Code section 1538.5 procedures did not apply to juvenile court proceedings, the Legislature adopted Welfare and Institutions Code section 700.1 to establish a juvenile court procedure.[3] Conspicuously absent from its provisions is the authorization for pretrial writ review from an adverse ruling. (See full text, quoted above, *ante*, p. 840.)

Petitioners note that the decision in *In re Richard C., supra*, 89 Cal. App.3d 477, permitted the prosecution to obtain writ review of a suppression ruling and contend that there is no reasonable basis for denying such review to the juvenile. In *Richard C.* a referee first heard the case, denying the suppression motion, finding jurisdiction, and placing the juvenile in a study and evaluation program. The juvenile sought rehearing before the juvenile court on the suppression ruling, but waived rehearing of the jurisdictional finding. The court granted rehearing, suppressed the evidence, and ordered the petition dismissed. The prosecution appealed and simultaneously sought a writ. The *Richard C.* court found no statutory basis for an appeal, but concluded that

---

[2] Note the distinction that a magistrate's suppression ruling, if challenged in a proceeding to dismiss pursuant to Penal Code section 995, could be challenged by a writ of prohibition brought under the authority of Penal Code section 999a. (See *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272-273 [294 P.2d 23].) Furthermore, mandate could be obtained to require the *return* of illegally seized property. (*Ballard* v. *Superior Court, supra*, 64 Cal.2d 159, 165.)

[3] Note that pre-*David G.* case law had assumed the propriety of Penal Code section 1538.5 proceedings in juvenile court cases. (See, e.g., *In re Richard C.* (1979) 89 Cal. App.3d 477 [152 Cal.Rptr. 787]; *In re Donald L.* (1978) 81 Cal.App.3d 770 [146 Cal.Rptr. 720].)

the situation met the requirements of *People* v. *Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 498 [72 Cal.Rptr. 330, 446 P.2d 138], for prosecution review by writ from an order not made appealable.

It should be noted that in *People* v. *Municipal Court* (*Kong*) (1981) 122 Cal.App.3d 176 [175 Cal.Rptr. 861], this division analyzed *People* v. *Superior Court* (*Howard*), *supra*, 69 Cal.2d 491, and criticized Court of Appeal decisions taking the same view of *Howard* as was taken by the court in *In re Richard C., supra*, 89 Cal.App.3d 477. More importantly, however, a recent amendment to Welfare and Institutions Code section 800 has made *Richard C.* obsolete. Section 800 presently provides that a ruling on a motion to suppress pursuant to section 700.1 "shall be reviewed on appeal ... even if the judgment is a dismissal of the petition or any court or courts [*sic*] thereof; ..."

■ It is readily apparent that the prior haphazard scheme for juvenile suppression hearings and review of rulings has been replaced by a statutory scheme which permits the juvenile to make a pretrial motion to suppress (and in limited circumstances to make a motion during the hearing) and permits review by *appeal* at the request of either the defendant or the prosecution. This view is confirmed by the Legislative Counsel's Digest of Senate Bill No. 379, 4 Statutes 1980 (Reg. Sess.) Summary Digest, page 344, where it is explained that the bill would require the motion to be heard prior to attachment of jeopardy "and would further require that a ruling on the motion to suppress evidence be reviewed on appeal, ..." The remedy for both the juvenile and the prosecution is to challenge the suppression ruling on appeal.

The question arises whether equal protection principles permit the Legislature to authorize adult defendants to seek pretrial review of suppression rulings while relegating juveniles to review on appeal. It is settled that the Fourth Amendment's protections extend to juveniles. (See *In re Scott K.* (1979) 24 Cal.3d 395, 401-402 [155 Cal.Rptr. 671, 595 P.2d 105].) However, it is also clear that "'[n]ot all rules of criminal procedure are applicable to juvenile courts. [Citations.] "[W]hen due process and other constitutional demands have been satisfied, reasonable differences in criminal and juvenile evidentiary procedures are constitutionally permissible." [Citation.] Equal protection does not forbid differences in the formalities with which a court goes about determining whether an individual has committed criminal misconduct; courts must "look to the consequences of the proceeding rather than the formal labels to determine what rights are appropriately applied to ju-

venile proceedings." [Citation.]'" (*In re Paul A.* (1980) 111 Cal.App.3d 928, 937 [168 Cal.Rptr. 891], quoting from *In re Joseph H.* (1979) 98 Cal.App.3d 627, 631 [159 Cal.Rptr. 681].)

Here, the consequence of a different procedure is that the juvenile is denied the opportunity to seek an appellate ruling before the evidence is introduced. This may mean that a juvenile whose jurisdictional ruling is eventually set aside will suffer the burden of a hearing and become a ward of the court under circumstances where with prehearing review neither would occur. It may also mean rehearing of juvenile court cases where with pretrial review erroneous introduction of evidence could be forestalled.

The deprivation is balanced by the favoritism given the juvenile in the appeal process. Adult criminal appeals receive priority because they are cases "in which the people of the state are parties." (Code Civ. Proc., § 44.) Juvenile appeals are given even higher priority by a sentence in Welfare and Institutions Code section 800, which provides that "[t]he appeal shall have precedence over all other cases in the court to which the appeal is taken." (See also Cal. Rules of Court, rule 39(e).) Thus, although a juvenile may not obtain pretrial review of the ruling on his suppression motion, his jurisdictional hearing will not be delayed by the writ procedure, and his appeal will be given preference over all adult appeals. The practical effect is that he *may* even obtain an appellate court ruling earlier than a similarly situated adult defendant seeking review by writ. In light of the fact that pretrial writ review is discretionary, and most adult defendants must await their appeals to obtain definitive rulings on their suppression issues, the juvenile's appeal preference more than compensates for the absence of pretrial review. Only a rare adult defendant would obtain an earlier appellate court ruling than a similarly situated juvenile.

Having concluded that pretrial review is not available, we will not review the merits of the juvenile court suppression rulings. The alternative writs are discharged, and both petitions for peremptory writs are denied.

White, P. J., and Feinberg, J., concurred.

The application of petitioner Abdullah B. for a hearing by the Supreme Court was denied November 10, 1982. Newman, J., did not participate therein. Bird, C. J., was of the opinion that the application should be granted.