[No. AO21859. First Dist., Div. Five. Aug. 30, 1983.]

DERRICK J., Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. AO21864. First Dist., Div. Five. Aug. 30, 1983.]

WILEY B., Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. AO21866. First Dist., Div. Five. Aug. 30, 1983.]

CHARLES S., Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michele Vague, Stephen E. Engelhardt and Gordon J. Salisbury, for Petitioners.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Robert R. Granucci and Maria J. Fonseca, Deputy Attorneys General, for Real Party in Interest.

OPINION

**KING, J.**—Derrick J., Wiley B., and Charles S. are minors accused in separate juvenile court petitions (under Welf. & Inst. Code, § 602) of having burglarized or attempted to burglarize several homes. When petitions alleging these offenses were first filed against them the minors successfully moved to suppress evidence. The petitions were dismissed on the motion of the People, who then refiled the same charging allegations. By petitions for writs of mandate or prohibition the minors seek review of an ensuing juvenile court order to the effect that the People are not bound in the refiled proceedings by the suppression orders in the initial proceedings. ██ We conclude that under applicable statutes and sound judicial policy the People, once the evidence had been suppressed at the initial hearing, had only two alternatives with respect to jurisdictional allegations based on the same underlying conduct: To suffer a dismissal before jeopardy attached and to seek review by appeal from the dismissal, or to proceed to jurisdiction hearing without the suppressed evidence. At this stage the People may not compel the minors to relitigate the suppression issues.

The initial petitions were filed on January 27, 1983. The minors moved to suppress evidence under Welfare and Institutions Code section 700.1. Only the moving papers are before this court; from them it may be inferred that the minors complained of warrantless seizures of evidence, arguing illegal detention and interrogation and "fruit of the poisonous tree." Following a three-day evidentiary hearing a referee granted the suppression motions. Upon the People's request a judge of the juvenile court reviewed the transcript of the suppression hearings. On February 24 the judge sustained the referee's findings.

The jurisdiction hearings were set for February 25. At the time set, according to the minutes, a deputy district attorney "moves to dismiss the petitions on grounds of insufficient evidence and advises that he is prepared to refile the petitions." The juvenile court ordered the initial petitions dismissed and accepted the refiling.

The deputy district attorney then made it known to the minors that he intended to use the evidence previously ordered suppressed to prove the allegations of the new petitions. The minors moved for a judicial declaration that the previous orders were res judicata. At hearing on this motion on March 11 the deputy district attorney said that "it is my position that we do have some new evidence. [¶] I have spoken with the referee. There were certain things that weren't covered in the testimony of witnesses that the referee felt would probably reach a different conclusion." The record before us casts no further light on what the People's "new evidence" would be:

The deputy's remarks imply, and at oral argument in this court the People conceded, that the additional evidence would not strictly speaking be "new" but would be matter known to the People, but for some reason not tendered, at the time of the first hearing.

The juvenile court, expressing some doubt and encouraging counsel to seek a writ, denied the minors' motion. These writ proceedings followed. In 1979 it was held that Penal Code section 1538.5 does not apply to juvenile court proceedings. (*In re David G.* (1979) 93 Cal.App.3d 247, 252-255 [155 Cal.Rptr. 500].) In light of this holding the Legislature in 1980 added to the Juvenile Court Law Welfare and Institutions Code section 700.1, a special provision for suppression of evidence, which requires among other things that (with an exception not pertinent here) a suppression motion shall be heard "prior to the attachment of jeopardy" and provides in relevant part that "[i]f the court grants a motion to suppress prior to the attachment of jeopardy over the objection of the People, the court shall enter a judgment of dismissal as to all counts of the petition except those counts on which the prosecuting attorney elects to proceed [to jurisdiction hearing]." (Stats. 1980, ch. 1095, § 2.) At the same time the Legislature added to Welfare and Institutions Code section 800 (the provision for appeals from Juvenile Court judgments) the following new paragraph: "A ruling on a motion to suppress evidence pursuant to Section 700.1 shall be reviewed on appeal even if the judgment is predicated upon an admission of the allegations of the petition or even if the judgment is a dismissal of the petition or any count or counts thereof; however, no appeal by the People shall lie as to any count which, if the People are successful, will be the basis for further proceedings subjecting any person to double jeopardy in violation of the state or federal Constitution." (Stats. 1980, ch. 1095, §§ 4, 5; cf. Stats. 1982, ch. 454, § 189.)

The effect of these enactments was discussed by Division Three of this district in *Abdullah B.* v. *Superior Court* (1982) 135 Cal.App.3d 838 [185 Cal.Rptr. 784]: "It is readily apparent that the prior haphazard scheme for juvenile suppression hearings and review of rulings has been replaced by a statutory scheme which permits the juvenile to make a pretrial motion to suppress (and in limited circumstances to make a motion during the hearing) and permits review by *appeal* at the request of either the defendant or the prosecution. This view is confirmed by the Legislative Counsel's Digest of Senate Bill No. 379, 4 Statutes 1980 (Reg. Sess.) Summary Digest, page 344, where it is explained that the bill would require the motion to be heard prior to attachment of jeopardy 'and would further require that a ruling on the motion to suppress evidence be reviewed on appeal, . . .' The remedy for both the juvenile and the prosecution is to challenge the suppression ruling on appeal." (135 Cal.App.3d at p. 843.)

While *Abdullah B.* addressed the narrow question whether a minor could obtain review of a denial of suppression by writ its perception of the effect of the 1980 amendments is both valid and applicable to these actions.

Here it is clear that within the meaning of section 700.1 the juvenile court granted the motions to suppress, prior to attachment of jeopardy, over the objection of the People. At that point, under the 1980 amendments, the People had two choices: To proceed to jurisdiction hearing without the suppressed evidence or to suffer dismissal with the option of seeking relief from the suppression order by appeal.

The People purported to choose a third course: They moved to dismiss and then refiled and announced an intent to go to jurisdiction hearing *with* the previously-suppressed evidence. Logical extension of this tactic would permit the People unlimited opportunity to relitigate suppression orders. Such a repudiation of the plain meaning and purpose of the 1980 amendments must be rejected. We are willing to assume for purposes of analysis (as the minors apparently do) that the People were at liberty to refile the charges following dismissal (cf. *Alex T.* v. *Superior Court* (1977) 72 Cal.App.3d 24, 32-33 [140 Cal.Rptr. 17]; *Neil G.* v. *Superior Court* (1973) 30 Cal.App.3d 572, 576-577 [106 Cal.Rptr. 505]) in these circumstances. But to maintain the integrity of the 1980 amendments we hold that the effect of the People's tactic was simply to reverse the order of the only two alternatives available to them: Having in practical effect waived appeal—which would have been their statutory recourse from the suppression order—they must go to jurisdiction hearing on the new petitions without the suppressed evidence.

The People argue that section 800 "is not applicable to the present case. That section contemplates that all the relevant evidence was presented at the [suppression] hearing. Since no guidance with respect to the present situation is provided, it is reasonable to look for guidance to Penal Code section 1538.5 . . . ." There are at least three difficulties with this approach:

(1) Neither section 700.1 nor section 800 says anything whatsoever to suggest that the procedure is applicable only if "all the relevant evidence was presented."

(2) By force of *In re David G.*, *supra*, 93 Cal.App.3d 247, 252-255, and a simple comparison of the sections, it is apparent that section 1538.5 cannot be a source of guidance with respect to the Juvenile Court Law provisions.

(3) In any event the cases and section 1538.5 provisions on which the People rely do not help them. Subdivision (j) of section 1538.5 takes into

account a long-established distinction between the function of the magistrate at preliminary examination and of the court in which the charges are to be tried which has no relevant counterpart under the Juvenile Court Law; *People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 16, 17 [152 Cal.Rptr. 233], is distinguishable on this basis. A better analogy—successive suppression motions in superior court—is furnished by *Madril* v. *Superior Court* (1975) 15 Cal.3d 73, 77-78 [123 Cal.Rptr. 465, 539 P.2d 33], but *Madril* cuts against the People's position here. The provision of the same subdivision (j) of section 1538.5, permitting the People to show good cause *at trial* why they should be permitted to obtain reconsideration of a suppression order in light of newly-discovered evidence is significantly omitted from section 700.1. *People* v. *Gephart* (1979) 93 Cal.App.3d 989, 998-999 [156 Cal.Rptr. 489], is patently limited by its highly unusual facts.

The People argue that the public interest in establishing the truth requires that the People be given an opportunity now to show good cause why their new evidence was not presented at the first hearing. We respectfully suggest that if in fact the People had encountered proof problems which could not reasonably have been averted at the time of the suppression hearing, it behooved them to take timely action—by motion for continuance, by offer of proof, by motion to reopen the proceedings, or in some other appropriate way—in the juvenile court to preserve their record for the appeal which, under the 1980 amendments, was the only recourse available to them.

In each of the three proceedings let a peremptory writ of mandate issue commanding respondent superior court to vacate its order of March 11, 1983, denying the minor's motion to give binding effect to the previous suppression order and to enter a new order that the evidence previously suppressed may not be admitted in evidence at the instance of the People in any future proceedings herein.

Low, P. J., and Haning, J., concurred.