[Crim. No. 1736. Second Appellate District, Division Two.—October 19, 1928.]

In the Matter of the Application of ANNA BLACK for a Writ of Habeas Corpus.

Jarrett Beckett for Petitioner.

Burton Rogers, District Attorney, for Respondent.

CRAIG, J.—The petitioner, Anna Black, is detained in the Ventura County detention home. She seeks to be released upon *habeas corpus*. It appears that on August 1, 1928, a verified petition was filed by the probation officer of Ventura County, in the superior court, averring said Anna Black to be a person under the age of twenty-one years, and that she was then leading a dissolute and immoral life, and praying that she be adjudged a ward of the juvenile court; that on the second day of August, 1928, that court made an order committing her to the Ventura School for Girls. She was placed in that institution and remained there until October 5, 1928. On the third day of October she filed a verified application in the superior court for a writ of

*habeas corpus.* The writ was issued and made returnable October 5th, at which time she was ordered released and discharged. This order was made because it appeared that the proceedings up to that time had been defective in that no proper findings had been made by the court before ordering the minor committed and depriving her parents of her custody.

Immediately thereafter, and on October 5, 1928, the district attorney of Ventura County filed another petition to have Anna Black adjudged a ward of the juvenile court. She was thereupon committed to the detention home, where she still remains.

In the oral argument before this court, as well as in petitioner's briefs, the principal reliance is placed upon section 1387 of the Penal Code.

■ The charge of delinquency is not a criminal charge. (*In re Brodie,* 33 Cal. App. 751 [166 Pac. 605]; *In re Tahbel,* 46 Cal. App. 755 [189 Pac. 804].) Viewed as a matter within the scope of the act under which the proceeding here in question is prosecuted, it is neither a misdemeanor nor a felony. The effect of a discharge of one complained against under the Juvenile Court Act is provided for in the act itself. This indicates an intention upon the part of the legislature that the ordinary provisions of the Penal Code relating to such matters, among which are the sections cited by counsel for petitioner, should not govern.

■ However, it is provided in section 6 of said act that "if such person shall be discharged by the juvenile court . . . such order of discharge or dismissal shall constitute a bar to any further proceedings in any court against said person upon said charge." (Stats. 1915, p. 1229.) The mere reading of this language is sufficient to establish the proposition that if the second petition filed herein were substantially the same as the first, the petitioner would be entitled to her discharge, but this is not the case. An examination of the second petition shows that the principal complaint concerning this minor is that she has been guilty of sexual familiarity with certain men. However, the second petition names other occasions than those named in the first, with the same man, as well as with another man. It is apparent that these additional acts are of themselves sufficient to give the juvenile court jurisdiction to declare peti-

tioner a delinquent, as being in danger of leading a lewd and immoral life. ▮ Of course, the principal purpose of the Juvenile Court Act is to safeguard the morality and character of persons of tender years. Its provisions are for their benefit, and we do not think a fair construction of them warrants the conclusion that it was intended that one in need of its aid should be deprived thereof because of a discharge by the juvenile court where, after such discharge, other acts of delinquency than those presented to and considered by the court previously to the discharge are subsequently brought to its attention through a proper proceeding.

The petition for a writ of *habeas corpus* is denied, and the petitioner is remanded.

Works, P. J., and Keetch, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1928.