[Civ. No. 12330. Fourth Dist., Div. Two. Feb. 15, 1973.]

NEIL G., a Minor, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Frank L. Williams, Jr., Public Defender, and Michael Ian Garey, Deputy Public Defender, for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Charles D. McFarland, Deputy District Attorneys, for Respondent and for Real Party in Interest.

**OPINION**

**GABBERT, J.**—On June 26, 1972, a petition was filed in juvenile court alleging that on June 24, 1972, 17-year-old Neil G. had in his possession marijuana and Benzedrine, in violation of Health and Safety Code, sections 11530 and 11910, respectively. The juvenile court proceeding had been initiated because of a report made by the minor's mother.

On July 3, the minor was released from detention and the matter was set for trial within the 30-day time limit specified in Welfare and Institutions Code, section 657.[1] The minor and his parents were ordered to return to court.

---

[1]Section 657 of the Welfare and Institutions Code reads: "Upon the filing of the petition, the clerk of the juvenile court shall set the same for hearing within 30 days, except that in the case of a minor detained in custody at the time of the filing of

When the matter was called on July 21 the minor was present with his counsel, a deputy public defender. The minor's parents were not in attendance; the public defender stated he "waived" their presence. The deputy district attorney participating in the hearing to assist in ascertaining and presenting the evidence (Welf. & Inst. Code, § 681) moved for a continuance on the ground a police officer-witness was on vacation. A 10-day continuance was granted as permitted by Welfare and Institutions Code, section 700.5,[2] notwithstanding the objection of the minor's counsel.

On the day of the continued hearing, July 31, the minor accompanied by his adult sister, was present in court with counsel. The deputy district attorney stated he had expected the minor's parents to be present and had intended to call them as witnesses. Because of the unexpected absence of the parents, the deputy district attorney moved for a further continuance. Counsel for the minor opposed the motion asserting the burden was on the moving party to be ready and to have all necessary witnesses present. The court denied the continuance but granted a motion to dismiss "without prejudice."

On August 7 a new petition identical to the earlier petition was filed. The minor's efforts to have the latter petition dismissed were unavailing. He petitioned this court for relief; we issued an alternative writ of prohibition.

The sole question before us is whether a juvenile court petition dismissed without a hearing on the merits can be refiled after the time limits of Welfare and Institutions Code, sections 657 and 700.5 have run. The question arises because the juvenile court law itself does not make reference to the subject.

The practical aspects of this problem are discussed in the California Juvenile Court Deskbook (Cal. College of Trial Judges) prepared by Judge Homer B. Thompson, as follows at pp. 14-15: "Juvenile court judges differ in their views as to whether the requirement that the case be set within 30 calendar days if no detention, or 15 judicial days if the

---

the petition, the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention.

"At the detention hearing, or any time thereafter, a minor who is alleged to come within the provisions of Section 601 or 602, may, with the consent of counsel, admit in court the allegations of the petition and waive the jurisdictional hearing."

[2]Section 700.5 of the Welfare and Institutions Code reads: "Except where a minor is in custody, any hearing on a petition filed pursuant to Article 7 (commencing with Section 650) of this chapter may be continued by the court for not more than 10 days in addition to any other continuance authorized in this chapter whenever the court is satisfied that an unavailable and necessary witness will be available within such time."

minor is detained, is jurisdictional. Some feel that by analogy to the adult criminal law, the court may not proceed after these times expire. Other judges feel that the word 'set' as used in § 657 means that, if the case is so set, a continuance beyond the period for good cause may be allowed. There are no reported cases on this question. It is clear that one of the major purposes of the juvenile court law is to provide a rapid determination of the matters brought before the court. For this reason it would be desirable for the court to set *and hear* the matter within the time limits prescribed. The Report of the Governor's Special Study Commission on Juvenile Justice (1960) made the following comment on delay pending a jurisdiction hearing (Pt. 1, p. 28):

" 'Another basic concern of the Commission is the length of the time minors are held in detention pending hearings on petitions. While the estimated *average length* of time between arrest and the juvenile court hearing presently varies from two to three weeks, the Commission knows of numerous cases in which there has been a delay of between one and two months before the hearing was held. We also have knowledge of a case in which a minor was held in the juvenile hall for six months pending the juvenile court hearing!

" 'The Commission notes that in most counties children who are detained do *not* have their juvenile court hearings appreciably earlier than those who are not detained. As a result, the time spent in juvenile halls pending the court hearing amounts to a "sentence," even though the court may later decide to grant probation or dismiss the petition. It is indeed difficult to reconcile the practice of detaining a child one to six months prior to the juvenile court hearing with the protective philosophy of the juvenile court.'

"Again, by analogy to the criminal law, all judges seem to feel that these time limitations may be waived by the minor and his parents or attorney.

"Assuming that the case must be dismissed because of a time problem, most judges feel that the case may be subsequently refiled as an original proceeding. Some attorneys argue that refiling may be made in cases that would be felonies if filed in the adult court, but that, as in criminal law cases, misdemeanors may not be refiled. There are no reported cases on this question. This writer is unaware of any judges who have accepted this argument. All judges appear to accept refiling of any case.

"Since refiling is always possible, counsel are normally willing to waive time if a continuance beyond the time limits is required. The only cases which present problems are those where the minor is in custody. Then, a refiling and detention hearing are sometimes necessary.

"Assuming that a contested hearing has been commenced on the thirtieth day, may the case go over to the thirty-first day for completion of the trial? Or assume that trial commenced and a continuance is sought that would be beyond the time limit during the course of trial for attendance of an important witness. Here most judges appear to feel that once the trial has commenced the time limits have been satisfied, and any reasonable continuance for purposes of presenting evidence may be allowed. See also new § 700.5 (added 1971 Session, chap. 698), regarding continuance of a jurisdiction hearing to secure attendance of an unavailable witness, discussed in § 8.22."

■ We hold juvenile court petitions dismissed without a hearing, because of a time problem, may be refiled and a new proceeding commenced thereon. This result follows whether we use as the controlling analogy the law relating to dismissal in civil or criminal proceedings.

■ In civil cases a voluntary dismissal before the actual commencement of trial is not a bar to another action by the plaintiff on the same cause. (Code Civ. Proc., § 581, subd. 1; *Gagnon Co., Inc.* v. *Nevada Desert Inn,* 45 Cal.2d 448, 455 [289 P.2d 466]; *Lewis* v. *Johnson,* 12 Cal.2d 558, 563 [86 P.2d 99].)

■ In criminal cases, a ". . . speedy trial is generally considered to be both a fundamental right of the accused and a policy of sound administration of the criminal law." (Witkin, Cal. Criminal Procedure (1963) p. 299, also (1969 Supp.) p. 95; Cal. Const., art. I, § 13; Pen. Code, § 686, subd. 1; Pen. Code, § 1050.) "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony." (Pen. Code, § 1387.) ■ The institution of a new criminal proceeding for a felony, within the period of the statute of limitations, is proper. (See Witkin, *supra* (1963) p. 300.)

The events described in the instant juvenile court petition, if charged in the superior court as crimes, would be felonies. (Health & Saf. Code, §§ 11530, 11910; Pen. Code, § 17.) It is urged on behalf of the minor that a juvenile court petition ought to be treated as analogous to a misdemeanor filing which may not be renewed if dismissed for untimely prosecution. (Pen. Code, § 1387.) It is also urged that the failure of the juvenile court law to expressly permit refiling ought to be taken as a direction that refiling is not to be permitted. The overall "policy of the juvenile court law" is invoked to support these arguments.

However, such policy is most clearly evident in Welfare and Institutions Code, sections 502 and 503 which read as follows:

"§ 502. The purpose of this chapter [the Juvenile Court Law] is to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the State; to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety and protection of the public cannot be adequately safeguarded without removal; and, when the minor is removed from his own family, to secure for him custody, care, and discipline as nearly as possible equivalent to that which should have been given by his parents. This chapter shall be liberally construed to carry out these purposes."

"§ 503. An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."

As stated in *T.N.G.* v. *Superior Court,* 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]: "The process of the juvenile court involves determination of the needs of the child and society, provision for guidance and treatment for the juvenile, and protection of the child from punishment and stigma. In recent years the courts, while preserving the beneficial aspects of the juvenile process, have held that certain procedural protections must be observed in order to guarantee the fundamental fairness of juvenile proceedings. (*In re Winship* (1970) 397 U.S. 358, 365-367, 372-374 [25 L.Ed.2d 368, 375-376, 380-384, 90 S.Ct. 1068]; *In re Gault* (1967) 387 U.S. 1, 12-14, 74 [18 L.Ed.2d 527, 537-539, 572, 87 S.Ct. 1428]; *Kent* v. *United States* (1966) 383 U.S. 541, 554-556 [16 L.Ed.2d 84, 93-94, 86 S.Ct. 1045]; *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26]; *In re William M.* (1970) 3 Cal.3d 16, 25-26 & fn. 17 [89 Cal.Rptr. 33, 473 P.2d 737].) *Gault, Winship* and the other decisions which insure such procedural fairness in juvenile proceedings do not, however, suggest a surrender of the salutary protections of the juvenile court system. As we observed in *In re Dennis M., supra,* 70 Cal.2d 444, 456 [75 Cal.Rptr. 1, 450 P.2d 296], 'even after *Gault*' juvenile court proceedings 'retain a *sui generis* character' and are 'conducted for the protection and benefit of the youth in question.' "

With these stated purposes—both statutory and judicial—of the juvenile court law in mind, the contention must be rejected that the juvenile court lost jurisdiction to extend its protective services to the minor merely because a deputy district attorney failed to subpoena the parents to be present at the continued hearing, when he may have had reasonable cause

to believe that the parents would be present voluntarily.[3] To permit such a minor lapse in form, which would create only a short delay, to entirely frustrate the ends of the Juvenile Court Law would not be consistent with the liberal interpretation of the law commanded by the Legislature and our Supreme Court.

The cases of *In re Black*, 94 Cal.App. 402 [271 P. 360] and *In re W.R.W.*, 17 Cal.App.3d 1029 [95 Cal.Rptr. 354], are relied upon by petitioner for the proposition that no juvenile case can be refiled after a dismissal. However, neither case changes the conclusion we have stated in reference to permissible refiling. Both of the cited opinions relate to proceedings commenced after the court had heard the merits and made a disposition of the case.[4] In such circumstances the subsequent filing would be improper under principles of res judicata, using the civil analogy, or jeopardy, using the criminal analogy. There is no disharmony between the result in the cited cases and the result reached herein, which allows a refiling when there has not been a hearing on the merits.

The alternative writ is ordered discharged; the petition for a peremptory writ of prohibition is denied.

Kerrigan, Acting P. J., and Tamura, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 12, 1973.

---

[3]From colloquy of counsel it is not entirely clear why the parents did not appear at the July 21 hearing. They had been ordered by the referee to return. On that latter date the deputy public defender attempted to "waive" their presence and nothing further was said or done about the matter of their attendance on the July 31 date to which the matter was continued. On July 31 it was stated by the minor's counsel the father was in Japan and the mother was ill and had been advised by her doctor not to be present.

[4]In *Black, supra*, a case under the former Juvenile Court Act of 1928, the minor *had been committed* to a state school by order of the court. She was later released from custody because of defective findings which had been made. Thereafter, the district attorney filed a second petition which contained different charges than those on which the minor had been earlier committed. After a second hearing and new commitment the minor sought habeas corpus. The Court of Appeal denied the writ because the second petition was filed on grounds different from those set out in the first.

In *W.R.W., supra*, the case arose out of a court-ordered rehearing *following hearing on the merits* and dismissal of the petition by the juvenile court referee. The ruling of the appellate court principally concerned itself with the fact the order for rehearing was not made within the statutory time required for rehearings under Welfare and Institutions Code, section 558.