[No. B002439. Second Dist., Div. Four. Mar. 20, 1984.]

RAUL P., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Alan H. Simon, Norman K. Tanaka, Susan L. Burrell and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WOODS, P. J.**—This petition for mandate requires determination of the issue of whether a written social study report pursuant to Welfare and Institutions Code section 707, subdivision (c), is a jurisdictional prerequisite to a determination of unfitness.

We conclude that submission of such a report by the probation department and its consideration by the juvenile court are mandated by case law, statute, and court rule, and that the determination of unfitness made in absence of such report is void.

The facts are not in dispute.

On October 6, 1983, a petition was filed with the respondent juvenile court·pursuant to Welfare and Institutions Code section 602 alleging that the minor petitioner had committed an attempted murder, and assault with a deadly weapon, a shotgun, in a gang-related incident.

A detention hearing was held October 7 and detention was ordered. Rehearing on the detention issue was set for October 13 and on that date petitioner waived his right to an adjudication hearing within the prescribed statutory period. (Welf. & Inst. Code, § 657.) The detention rehearing was continued to October 17 and detention was on that date ordered to continue pending the adjudication hearing.

On October 17, the People filed a notice of motion to find minor unfit for juvenile court treatment. Petitioner waived time for his fitness hearing from the 13th day following his initial detention until November 8.

The fitness motion was called for hearing on November 8. The People advised respondent that no probation report had been prepared pursuant to Welfare and Institutions Code section 707, subdivision (c), and California Rules of Court, rule 1348(a), due to the probation department's failure to assign a deputy to that task. After extensive argument as to the applicable law, respondent gave the People the option either to proceed with the fitness hearing without the required written report or to request a continuance (with the minor being released) of at least 14 days to enable preparation of the requisite social study report.

Had the People elected on November 8 to continue the fitness hearing, California Rules of Court, rule 1346(a), would have required petitioner's release from detention pending resumption of the fitness hearing. That rule mandates that a detained minor's fitness hearing must occur within 13 judicial days following the detention order, while a nondetained minor's fitness hearing may occur within 25 judicial days following detention. Petitioner contended that if he were released the People still had, by reason of his limited time waiver beyond the "13th day," 2 weeks within which to commence the hearing with a report.

The People called the probation officer then assigned to petitioner's case to testify that a fitness report had not been timely prepared because of an administrative oversight within the probation department. The People then requested a continuation of the hearing to November 23 so that a fitness report could be prepared. Respondent indicated it would allow a continuance to that date (which would be the 25th court day following detention), but

that it would not presently rule on the issue of whether the People could lawfully proceed with the hearing at such later date (the implicit presumption being that the minor would remain detained). The People responded by demanding that petitioner elect either to enforce his right to a timely fitness report and request a continuance or to enforce his right to a fitness hearing that day and waive entitlement to preparation of the report. Respondent essentially ignored this improper tactic and required the People to make an election. The People then elected to commence the fitness hearing that day and petitioner made a continuing objection to such commencement and the introduction of any evidence. The trial court overruled this objection and the People proceeded to put on a case. The People's evidence consisted of the Los Angeles Sheriff's Department juvenile petition request, consisting of 21 pages, which respondent read and considered. Respondent also took judicial notice of the entire juvenile court file. Petitioner declined to put on any defense, renewing his objection to the entire hearing.

Respondent ruled that under the presumption of unfitness created by section 707, subdivision (b) of the Welfare and Institutions Code petitioner was an unfit subject for juvenile court proceedings. The stated grounds for the determination of unamenability were (1) the circumstances and gravity of the attempted murder and assault with deadly weapon with intent to commit murder and (2) the degree of criminal sophistication exhibited. Respondent referred the matter to the district attorney for prosecution under general law and remanded petitioner to the custody of the sheriff for placement in juvenile hall. The petition was dismissed without prejudice and the juvenile court proceeding dismissed.

On November 10 petitioner was arraigned in municipal court.

The present petition was filed November 30. This court issued a temporary stay of criminal proceedings and later issued the alternative writ.

DISCUSSION

Section 707 of the Welfare and Institutions Code is the statute controlling determination of the issue of fitness and specifying the procedural requirements for such determination. Subdivision (c) of section 707 provides, in pertinent part: ". . . the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit . . . [the court shall make its determination as to the minor's fitness for treatment under Juvenile Court Law]."

The important function of the requirement is further explained by California Rules of Court, rule 1347(a), as follows: "The report shall include information relevant to the determination whether or not the minor would be amenable to the care, treatment and training program available through the facilities of the juvenile court, including information regarding all of the criteria listed under rule 1348(b). The report may also include information concerning: [social history of the minor; any statement the minor or his parents choose to make; information concerning prior juvenile court rehabilitation program success or failure, and any other relevant information]."

■ It is well settled by statute, case law, and court rule that a probation department report on the question of fitness, as prescribed by section 707, subdivision (c), is a jurisdictional prerequisite to a determination of unfitness. (Welf. & Inst. Code, § 707, subd. (c); Cal. Rules of Court, rule 1348(a); *Jimmy H.* v. *Superior Court* (1970) 3 Cal.3d 709, 714-715 [91 Cal.Rptr. 600, 478 P.2d 32]; *Bruce M.* v. *Superior Court* (1969) 270 Cal.App.2d 566, 572-573 [75 Cal.Rptr. 881]; *Donald L.* v. *Superior Court* (1972) 7 Cal.3d 592, 597 [102 Cal.Rptr. 850, 498 P.2d 1098]; *People* v. *Smith* (1971) 5 Cal.3d 313, 317-318 [96 Cal.Rptr. 13, 486 P.2d 1213]; *Green* v. *Municipal Court* (1976) 67 Cal.App.3d 794, 803 [136 Cal.Rptr. 710].) The People do not dispute this proposition.

By return, the People seek to avoid this jurisdictional defect by advancing the sole argument that because petitioner "refused" a continuance of the November 8 fitness hearing to allow preparation of the requisite probation officer's report unless petitioner were released from detention, the juvenile court had jurisdiction to conduct the hearing on November 8 and make a valid finding of unfitness without the requisite report.

This argument is supported neither by authority nor by reason. Petitioner has two critical independent rights: the right to the juvenile court's consideration of a section 707, subdivision (c), probation officer's report prior to a determination of unfitness and the right to a fitness hearing within 13 judicial days following the order of detention, if he remains detained. (Cal. Rules of Court, rule 1346(a).) Petitioner's objection to violation of either right cannot have any curative effect upon respondent's lack of jurisdiction to proceed in violation of the other right.

Further, petitioner's objection did not preclude the People from electing to move for a continuance when respondent repeatedly and unequivocally gave the People the election of proceeding immediately or continuing the hearing until the 25th calendar day from the filing of the section 602 petition if detention were terminated. The People expressly elected to proceed as they did. Having elected to proceed in a manner unavailable under the law,

the People now attempt to persuade us that they and respondent were deprived of the lawful alternative by petitioner. This is illogical and unpersuasive.

Neither is the People's implicit, collateral argument persuasive. They appear to be contending that because petitioner waived time for his adjudication hearing, the extension of the time for his fitness hearing beyond 13 judicial days following the order directing detention does not prejudice him or violate his statutory right to a timely fitness hearing even though he remains detained.

Preliminarily, it is evident that this contention is an afterthought which is logically inconsistent with the People's first argument because, if this second contention were true, the People could and should have simply elected to move to continue the fitness hearing, with petitioner remaining detained, and proceeded on the continued hearing date with the requisite report.

This collateral contention, like the People's primary contention, is supported by neither reason nor authority. ■ The functions of adjudication hearings and fitness hearings are disparate: the former is a final determination of the need for wardship in the juvenile court system; the latter is a preliminary determination as to which justice system a particular minor will be subject. Merely because a minor elects to waive the statutory time period for his adjudication hearing in the juvenile system does not mean he waives the independent statutory period for a fitness determination. If the detained minor has the possibility of being adjudicated unfit for juvenile court and subjected to consequent criminal prosecution, he has an interest in minimizing his period of detention in juvenile proceedings so that he might obtain a hearing on bail in the criminal prosecution. The juvenile court criteria for detention pending adjudication are different from the criteria for admission to bail in criminal prosecutions. Also, if a resulting criminal prosecution must be dismissed on some basis existing under criminal law but not under juvenile law, the juvenile would be prejudiced by a forced waiver of time for his juvenile court fitness determination.

■ The People also argue, in passing and without citation of authority, that the grevious nature of the offenses alleged justifies the unfitness determination because otherwise the juvenile court would be forced to release the violent minor. However, the fact that the offenses alleged in the section 602 petition are such as to raise a rebuttable presumption of unfitness pursuant to section 707, subdivision (b) of the Welfare and Institutions Code is irrelevant to the fundamental jurisdiction of the juvenile court to make any determination of unfitness without a section 707, subdivision (c), social study report. Such a report, by statutory requirement, is intended to inform

the juvenile court of matters material to the issue of fitness other than the types of offenses allegedly committed. Without such report, the juvenile's opportunity to rebut the presumption of unfitness is theoretically hindered. It is accordingly wholly improper to bootstrap the validity of the determination of unfitness by reference to the presumption of unfitness. For the same reasons, neither may the nature and circumstances surrounding the alleged offenses alone confer jurisdiction in the juvenile court to act without the requisite report.

Nothing in this opinion should be construed to preclude the alternative of refiling the section 602 petition. (*Derrick J.* v. *Superior Court* (1983) 146 Cal.App.3d 748, 752 [194 Cal.Rptr. 348]; *Alex T.* v. *Superior Court* (1977) 72 Cal.App.3d 24 [140 Cal.Rptr. 17]; *Neil G.* v. *Superior Court* (1973) 30 Cal.App.3d 572, 576 [106 Cal.Rptr. 505].)

Let a peremptory writ of mandate issue directing respondent to immediately vacate its order of January 4, 1984, in Los Angeles Superior Court case No. J 260138, entitled In re Raul P., a minor, finding petitioner unfit for juvenile court proceedings, and to thereafter proceed according to law.

The stay order issued by this court on January 4, 1984, prohibiting commencement of a preliminary hearing in Los Angeles Municipal Court, Compton Judicial District, case No. A 627058, entitled People v. Raul P., shall remain in effect unless and until petitioner is found an unfit subject for juvenile court by lawful proceedings or until further order of this court.

This court deems this matter to require that the order for issuance of the peremptory writ be effective immediately. Accordingly, it is ordered that this decision shall become final as to this court immediately. (Cal. Rules of Court, rule 24(c).)

McClosky, J., and Amerian, J., concurred.