[No. C059808. Third Dist. Oct. 15, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS VILLA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I and III of the Discussion.

## COUNSEL

Jackie Menaster, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—A jury found defendant Luis Villa guilty of gross negligence in discharging a firearm, possession of a firearm by a juvenile previously adjudged a ward of the juvenile court, and possession of a loaded firearm in a public place. Defendant was 16 years old at the time of the offense. The trial court sentenced him as an adult to two years in state prison.

On appeal, defendant has four claims: (1) the evidence was insufficient to convict him of gross negligence in discharging a firearm; (2) the two convictions for possession of a firearm are unconstitutional based on the recent United States Supreme Court decision in *District of Columbia v. Heller* (2008) 554 U.S. ___ [171 L.Ed.2d 637, 128 S.Ct. 2783]; (3) the trial court abused its discretion in denying his motion to sever; and (4) the trial court prejudicially erred by not holding a hearing to determine if he was fit to be sentenced as an adult. We disagree and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about April 25, 2007, defendant began yelling at and insulting several individuals across the street from his house. The targets of defendant's

insults were standing in front of a neighbor's home. After some time, defendant retreated into his house and returned with a large gun. One of the individuals defendant had insulted made a cell phone call. Five to 10 minutes later, codefendants Miguel Hernandez and Juan Cervantes arrived in a black car. Cervantes got out of the car with a handgun and challenged defendant to put down his gun so they could "fight like men." Cervantes and defendant both dropped their guns. At some point, however, defendant picked up his gun and fired it two times. Cervantes picked up his gun and got back into the black car, which then drove off quickly.

Around this time, Deputy Sheriff Kevin Johnson arrived at the end of the street in a marked patrol car and saw the black car reversing at high speed toward his car. The black car slowed and then began to go forward. At that time, Cervantes got partially out of the passenger side window and fired two to three shots. Deputy Johnson activated his sirens and pursued the black car. After a brief pursuit, the black car crashed several blocks away, and Hernandez and Cervantes were arrested.

The prosecutor brought several charges against defendant, including attempted murder. Under Welfare and Institutions Code section 707, subdivision (d)(1), the attempted murder charge allowed the prosecutor to directly file charges against defendant in criminal court rather than petition for a hearing on whether defendant was a fit and proper subject to be dealt with under the juvenile court law. (Welf. & Inst. Code, § 707, subd. (d)(1); see *id.*, § 707, subd. (b)(12).) The prosecutor charged defendant, Hernandez, and Cervantes in the same complaint. Following the preliminary examination, where defendant and his codefendants were held to answer, defendant moved to sever the trials because all three defendants would be claiming self-defense and he argued their defenses were mutually antagonistic. The trial court denied the motion.

Defendant admitted a prior juvenile adjudication for assault with a deadly weapon that made him a ward of the state. The jury found him guilty of (1) gross negligence in discharging a firearm (Pen. Code, § 246.3); (2) possession of a firearm by a juvenile previously adjudged a ward of the juvenile court for assault with a deadly weapon (*id.*, § 12021, subd. (e)); and (3) possession of a loaded firearm in a public place (*id.*, § 12031, subd. (a)). The jury also found Hernandez and Cervantes guilty of several charges; of particular relevance to defendant's appeal, the jury found Cervantes guilty of discharging a firearm from a motor vehicle.

Before sentencing, defendant moved for a hearing on his fitness to be dealt with under the juvenile system. The trial court determined it had the

discretion to grant such a hearing but found no need for one because it had considered the probation report and determined it was appropriate to treat defendant as an adult. The trial court sentenced defendant to two years in state prison.

## DISCUSSION

## I

### The Evidence Was Sufficient to Convict Defendant of Grossly Negligent Discharge of a Firearm*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II

### Defendant's Heller Claims Fail Because Both Statutes in Question Are Constitutional As Applied Here

Defendant argues two of his three convictions are invalid because the statutes under which he was charged violate *Heller*. Specifically, he contends the prohibition of juvenile possession of a firearm (Pen. Code, § 12021, subd. (e)) and the prohibition of possession of a loaded firearm in a public place (*id.*, § 12031, subd. (a)) violate his Second Amendment right to possess firearms as articulated in *Heller*. We disagree.

In *Heller*, the high court addressed the constitutionality of a District of Columbia law prohibiting the possession of all firearms in the district. (*District of Columbia v. Heller, supra*, 554 U.S. at p. ___ [171 L.Ed.2d at p. 647].) The court analyzed the district's law in light of the Second Amendment and found that an individual has the right to keep and bear firearms. (554 U.S. at p. ___ [171 L.Ed.2d at p. 659].) However, the court recognized this right is not limitless and provided a brief nonexhaustive list of exceptions to the rule of *Heller*, including the state's ability to prohibit felons from possessing firearms. (*Id.* at pp. ___–___, ___ [171 L.Ed.2d at pp. 659–660, 678].) Further, the court did not address whether this right is applicable to states or if it applied only to the federal government and left this as an open question.[1] (554 U.S. at pp. ___–___ [171 L.Ed.2d at pp. 677–678].)

---

*See footnote, *ante*, page 443.

[1] Because we find neither statute would violate *Heller*, we do not reach the question of whether the Second Amendment is incorporated into the due process clause of the Fourteenth Amendment and therefore applies to states.

For reasons articulated in *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310–311 [86 Cal.Rptr.3d 674], defendant has the right to bring this *Heller* claim, even though he did not raise it in the trial court. Most importantly, defendant's trial predated *Heller*, making a timely objection impossible. (*Yarbrough*, at pp. 310–311.) Further, "the issue is still one of law presented by undisputed facts in the record before us that does not require the scrutiny of individual circumstances, but instead requires the review of abstract and generalized legal concepts—a task that is suited to the role of an appellate court." (*Id.* at p. 310.)

### A

### *The Prohibition of Juvenile Possession of Firearms Is Not Unconstitutional As Applied Here*

Defendant contends Penal Code section 12021, subdivision (e) unconstitutionally infringes on his right to bear arms as articulated in *Heller*. This statute provides that an individual who has committed certain violent and/or serious crimes while a juvenile and who is subsequently determined to be a ward of the state as a result of a violent and/or serious crime is prohibited from possessing firearms until he or she is 30 years old. (Pen. Code, § 12021, subd. (e).) The statute's similarity to Penal Code section 12021, subdivision (c)(1) (prohibition on possession of firearms by misdemeanants), which was upheld against constitutional challenge in *People v. Flores* (2008) 169 Cal.App.4th 568 [86 Cal.Rptr.3d 804], is helpful here.

In *Flores*, the court upheld the statute against a *Heller* challenge for several reasons. First, the *Flores* court found Penal Code section 12021, subdivision (c)(1) to be much narrower than the "broad sweep of the statutes at issue in *Heller*" because the misdemeanant prohibition concerned itself only with a specific group of people who had committed a specific type of crime. (*People v. Flores, supra*, 169 Cal.App.4th at pp. 574–575.) Second, the *Flores* court noted the *Heller* court recognized an exception to the right to bear arms for convicted felons. (*Flores*, at pp. 574–575.) And the *Flores* court did not see any logical reason to not extend this exception to violent misdemeanants because "[t]he public interest in a prohibition on firearms possession is at its apex in circumstances, as here, where a statute disarms persons who have proven unable to control violent criminal impulses." (*Id.* at p. 575.) Because the predicate crime of the defendant in *Flores* was violent assault, which showed an inability to contain "violent criminal impulses," the court reasoned that the application of Penal Code section 12021, subdivision (c)(1) to the defendant was particularly appropriate, given the

public interest in preventing violent individuals from possessing guns. (*Flores*, at p. 575.)

Penal Code section 12021, subdivision (e) at issue here has the same purpose as the statute upheld in *Flores*: to disarm people who have proven an inability to control violent criminal impulses. (See Pen. Code, § 12021, subds. (c)(1), (e).) Therefore, we see no reason to distinguish the two statutes for purposes of a *Heller* challenge. The prohibition in Penal Code section 12021, subdivision (e) is not a blanket prohibition, as was the case in *Heller*, and it is narrowly tailored to achieve its result. The statute is further limited in scope because it prohibits possession or use of a firearm only for a specified length of time, until the person reaches 30 years of age. (Pen. Code, § 12021, subd. (e).) Furthermore, the predicate crime here, assault with a deadly weapon, is violent like the predicate crime in *People v. Flores, supra*, 169 Cal.App.4th at page 575. The similarly violent nature of the predicate crimes means the enforcement of Penal Code section 12021, subdivision (e) when the predicate crime is assault with a deadly weapon will keep firearms out of the hands of people "unable to control violent criminal impulses."[2] (*Flores*, at p. 575.)

Defendant reasons from *In re Michael S.* (1983) 141 Cal.App.3d 814 [190 Cal.Rptr. 585], that a court cannot transform the juvenile conduct into a felony or a misdemeanor; therefore, the exceptions articulated in *Heller* and *Flores* are not applicable because those exceptions deal only with felonies and misdemeanors, and defendant's juvenile adjudication cannot be transformed into either a felony or a misdemeanor. (*In re Michael S.*, at p. 817.) That the state has the power, notwithstanding the Second Amendment, to limit the right of certain juveniles to possess firearms based on conduct that would be a crime for an adult does not transform such a person's juvenile adjudication into a criminal conviction. Rather, we merely recognize that the logic for recognizing an exception to the Second Amendment for certain adult criminals extends to certain juvenile offenders as well.

■ For the above reasons, Penal Code section 12021, subdivision (e), as applied to defendant, is constitutional.

---

[2] Since the predicate crime in this case is a violent one, we do not reach the issue of whether a serious yet nonviolent predicate crime, such as witness tampering, would affect the constitutionality of Penal Code section 12021, subdivision (e) under *Heller*.

B

*Prohibition of Possession of a Loaded Firearm Is
Constitutional*

■ Defendant further contends Penal Code section 12031, subdivision (a), is also unconstitutional following *Heller*; therefore, his conviction under that statute should be reversed. We disagree.

The court in *People v. Flores, supra*, 169 Cal.App.4th at page 576, found that this statute was constitutional following *Heller* because it "is so far removed from the blanket restrictions at issue in *Heller* that its constitutional validity remains undisturbed by the Supreme Court's opinion." (*Flores*, at p. 576.) Defendant does not offer any rationale for straying from that holding, and so we do not.

III

*Refusal to Saver Defendant's Trial Was Not an Abuse of
Discretion**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

*Failure to Conduct a Fitness Hearing Required by Penal
Code Section 1170.17 Before Sentencing Defendant*

Defendant argues the trial court erred in not holding a hearing following his conviction to determine if he was fit to be dealt with under the juvenile court law. Defendant claims Penal Code section 1170.17 entitled him to such a hearing, because although the prosecutor was allowed to try him as an adult since he was charged with attempted murder (see Welf. & Inst. Code, § 707, subds. (b), (d)), he was convicted of only lesser offenses, which could not have been directly filed in adult court. (See Pen. Code, § 1170.17, subds. (b), (c); Welf. & Inst. Code, § 707.) The People agree defendant was entitled to a fitness hearing if requested but contend the trial court's failure to grant such a hearing was harmless. Defendant contends the hearing was required and the harmless error standard does not apply.

---

*See footnote, *ante*, page 443.

A

### *The Trial Court Erred by Sentencing Defendant Without the Fitness Hearing Required by Penal Code Section 1170.17*

Under Penal Code section 1170.17, subdivision (a), "When a person is prosecuted for a criminal offense committed while he or she was under the age of 18 years and the prosecution is lawfully initiated in a court of criminal jurisdiction without a prior finding that the person is not a fit and proper subject to be dealt with under the juvenile court law, upon subsequent conviction for any criminal offense, the person shall be subject to the same sentence as an adult convicted of the identical offense, in accordance with the provisions set forth in subdivision (a) of Section 1170.19, except under the circumstances described in subdivision (b) or (c)."

Here, defendant fell under subdivision (a) of Penal Code section 1170.17 because (1) he was prosecuted for a criminal offense committed while he was a minor; (2) the prosecution was lawfully initiated in criminal court without a prior finding of unfitness to be dealt with under the juvenile court law because he was charged with attempted murder (see Welf. & Inst. Code, § 707, subds. (b)(12), (d)(1)); and (3) he was subsequently convicted of three criminal offenses. Thus, under subdivision (a) of Penal Code section 1170.17, defendant was subject to the same sentence as an adult convicted of the identical offenses (in accordance with the provisions set forth in subd. (a) of Pen. Code, § 1170.19), *unless* he fell under subdivision (b) or (c) of Penal Code section 1170.17.

Subdivisions (b), (c) of Penal Code section 1170.17 provide different procedures for disposition where the offense of conviction is one that could not have been directly charged in the criminal court, but where the offense, in combination with the defendant's age at the time the offense was committed, would have made the defendant eligible for transfer to the criminal court. Penal Code section 1170.17, subdivision (b) applies where the transfer is subject to "a rebuttable presumption that the person is *not* a fit and proper subject to be dealt with under the juvenile court law" (italics added) while Penal Code section 1170.17 subdivision (c) applies where the transfer is subject to "a rebuttable presumption that the person *is* a fit and proper subject to be dealt with under the juvenile court law" (italics added).

To determine if the circumstances described in subdivision (b) or (c) of Penal Code section 1170.17 are present, we must look to Welfare and Institutions Code section 707, which describes the process for determining a minor's fitness to be dealt with under the juvenile court law. Under Welfare and Institutions Code section 707, subdivision (c), a minor 14 years of age or

older who commits any of the offenses listed in Welfare and Institutions Code section 707, subdivision (b), is presumed to be unfit for the juvenile system. (Welf. & Inst. Code, § 707, subds. (b), (c).) In all other instances, the fitness determination is made under Welfare and Institutions Code section 707, subdivision (a)(1), where. the court may find the minor is unfit to be dealt with under the juvenile court law (which means there is a presumption of fitness). (Welf & Inst. Code, § 707, subd. (a)(1).)

Here, the crimes of which defendant was convicted are *not* among those listed in Welfare and Institutions Code section 707, subdivision (b). (See Welf. & Inst. Code, § 707, subd. (b).) Thus, the fitness determination with respect to the crimes of which defendant was convicted would have been made under subdivision (a)(1) of Welfare and Institutions Code section 707, pursuant to a presumption of fitness to be dealt with under the juvenile court law, and therefore the circumstances described in Penal Code section 1170.17, subdivision (c) were present here.

Under subdivision (c) of Penal Code section 1170.17, the defendant "shall be subject to a disposition under the juvenile court law, in accordance with the provisions of subdivision (b) of [Penal Code s]ection 1170.19, unless the district attorney prevails upon a motion" and "demonstrates, by a preponderance of the evidence, that the person is not a fit and proper subject to be dealt with under the juvenile court law."

Here, the trial court did not require the district attorney to file and prevail on a motion under Penal Code section 1170.17, subdivision (c), before sentencing defendant in criminal court. Accordingly, the trial court erred.

B

*The Trial Court's Error Was Not Shown to Be Prejudicial*

Without citation to any authority, defendant argues in his opening brief that the error in sentencing him in criminal court without an "evaluation of [his] suitability to be sent to juvenile court to receive a juvenile disposition" "cannot be harmless." In response (and with an equal lack of any authority), the People argue any error *was* harmless because the trial court reviewed the probation report and determined defendant was appropriately handled as an adult, and the trial court would have drawn the same conclusion during a fitness hearing. We conclude that the failure to conduct a fitness hearing on a motion by the prosecution under subdivision (c) of Penal Code section 1170.17 *is* subject to analysis for harmless error and that defendant has failed to carry his burden of showing the error was prejudicial.

■ The California Constitution dictates that "[n]o judgment shall be set aside . . . in any cause, . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) Our Supreme Court has explained that "a 'miscarriage of justice' should be declared only when the court . . . is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) "To establish prejudice [under *Watson*], a defendant must show affirmatively that in the absence of the claimed error . . . , a result more favorable to him probably would have ensued." (*People v. Gonzalez* (2005) 126 Cal.App.4th 1539, 1549 [25 Cal.Rptr.3d 124].) Here, defendant has not attempted to show the trial court's error was prejudicial. Defendant argues that the error was not harmless because the statute requires "the probation department to prepare a written social study and recommendation concerning whether the person is a fit and proper subject to be dealt with under the juvenile court law" (Pen. Code, § 1170.17, subd. (c)(2)), and no such report was ever filed, and no fitness hearing was ever held. But this argument simply restates defendant's desired outcome and does not constitute a showing that a result more favorable to him was reasonably probable in the absence of the error because defendant makes no showing that either a fitness probation report or a fitness hearing would have made any difference. (See *People v. Watson, supra*, 46 Cal.2d at p. 836.) Therefore, defendant's argument fails.

Defendant attempts to avoid a harmless error analysis by analogizing this case to *Raul P. v. Superior Court* (1984) 153 Cal.App.3d 294 [200 Cal.Rptr. 360], in which the court held "that a probation department report on the question of fitness, as prescribed by [Welfare and Institutions Code] section 707, subdivision (c), is a *jurisdictional prerequisite* to a determination of unfitness." (*Raul P.*, at p. 298, italics added.) However, defendant does not explain how the failure to hold a fitness hearing under Penal Code section 1170.17, which occurs at a different time in the proceedings than a fitness hearing under Welfare and Institutions Code section 707, subdivision (c), is jurisdictional. (Pen. Code, § 1170.17; Welf. & Inst. Code, § 707, subd. (c).) Additionally, defendant does not explain how, even if such a failure were jurisdictional in nature, it overcomes the harmless error analysis compelled by the California Constitution. (See Cal. Const., art. VI, § 13.) As a result, we must conclude the trial court's error was harmless absent a showing to the contrary.

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Butz, J., concurred.

A petition for a rehearing was denied November 4, 2009, and appellant's petition for review by the Supreme Court was denied February 3, 2010, S178235. George, C. J., did not participate therein.