Filed 7/16/13  P. v. Corsini CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062236 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE318006) |
| THOMAS CORSINI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Thomas Corsini of one count of residential robbery in concert (Pen. Code, §§ 211, 213, subd. (a)(1)(A))[1] while a principal was armed with a firearm (§ 12022, subd. (a)(1)); one count of resisting a peace officer (§ 148, subd. (a)); and one count of possession of a billy (§ 22210). The trial court sentenced Corsini to prison for a term of four years eight months and ordered Corsini to pay $1,300 in direct victim restitution.

Corsini contends that (1) his conviction for possession of a billy should be reversed because the statute under which he was convicted violates the Second Amendment to the United States Constitution; and (2) the restitution order should be modified to specify that the liability is joint and several as to other persons also convicted for the residential robbery. We conclude that Corsini has forfeited both arguments by failing to raise them in the trial court, and accordingly we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2012, Haresh Gobin went to a house in La Mesa to see a woman he had met on a chat line. After Gobin was let into the house by a woman (later identified as Jessica Smith) he was approached by two men (later identified as Corsini and Sean Fragger). Corsini and Fragger robbed Gobin at gunpoint, taking $450 and diamond earrings from him. Smith took Gobin's credit cards and identification from his wallet. Gobin reported the incident to police a week later.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

On January 28, 2012, police conducted a search of the house where Corsini was living after detaining another resident of the house, who was on probation. During the search, when officers attempted to conduct a patdown of Corsini, he resisted by swinging his arms, kicking, thrashing around and trying to reach for a gun concealed in his waistband. Corsini stopped resisting only after the officers threatened to use a taser on him. In Corsini's bedroom, the officers found a billy club, which was "an old style police baton."

For the incidents occurring on January 17 and 28, 2012, Corsini was charged with robbery in concert (§§ 211, 213, subd. (a)(1)(A)), including a weapons allegation (§ 12022, subd. (a)(1)) (count 1); resisting an executive officer (§ 69) (count 2); and possession of a billy (§ 22210) (count 3).[2] The jury convicted Corsini on counts 1 and 3 as charged, and on count 2 it convicted Corsini of the lesser included offense of resisting a peace officer (§ 148, subd. (a)). The trial court imposed a prison term of four years eight months and ordered Corsini to pay $1,300 in direct victim restitution to Gobin for the items taken in the robbery.

---

[2] Smith and Fragger were also charged with crimes and entered guilty pleas.

II

DISCUSSION

A.     *By Not Raising It in the Trial Court, Corsini Forfeited His Second Amendment Challenge to the Statute Criminalizing Possession of a Billy*

Corsini argues that his conviction for possessing a billy should be reversed because the statute under which he was convicted — section 22210 — violates the Second Amendment to the United States Constitution under *District of Columbia v. Heller* (2008) 554 U.S. 570 (*Heller*) and *McDonald v. City of Chicago* (2010) 561 U.S. __ [130 S.Ct. 3020, 177 L.Ed.2d 894] (*McDonald*).[3]

Corsini has forfeited this issue because he did not raise it in the trial court. "'"[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."' [Citations.] 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

Corsini contends that even though he did not raise the Second Amendment issue in the trial court, we should nevertheless consider it. Although an appellate court may chose

---

3     With certain exceptions not applicable here, under section 22210 a person who "manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, or *possesses* any leaded cane, or any instrument or weapon of the kind commonly known as a *billy*, blackjack, sandbag, sandclub, sap, or slungshot" is guilty of a crime. (*Ibid.*, italics added.)

to entertain a forfeited issue, "'[w]hether or not it should do so is entrusted to its discretion.'" (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7.) One of the factors a court considers in deciding whether to exercise its discretion to consider a forfeited issue is whether case law developments after the trial proceedings explain the failure to raise the issue earlier. (*People v. Villa* (2009) 178 Cal.App.4th 443, 448 [considering a Second Amendment challenge based on *Heller* because "defendant's trial predated *Heller*, making a timely objection impossible"].) Here, both *Heller* and *McDonald* were decided years before the proceedings in Corsini's case. We therefore elect *not* to exercise our discretion to decide the forfeited Second Amendment issue.

B.      *Corsini Forfeited His Request That the Restitution Order Specify Joint and Several Liability with the Other Parties Involved in the Robbery*

Corsini's second appellate argument concerns the restitution order. As we have explained, the trial court ordered Corsini to pay $1,300 in restitution to Gobin based on the value of the money and jewelry taken from him during the robbery.[4] Corsini argues that the trial court should have specified that the restitution order was joint and several as between Corsini, Fragger and Smith — all of whom suffered convictions arising from the robbery of Gobin. Corsini requests that we correct the abstract of judgment to expressly provide that the restitution order is joint and several to any restitution ordered against Fragger and Smith. (See *People v. Neely* (2009) 176 Cal.App.4th 787, 800.)

---

4      The statutory authority for the restitution order is section 1202.4, subdivision (f), which states in relevant part that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order."

Corsini has forfeited his claim because he failed to raise it in the trial court. (*People v. O'Neal* (2004) 122 Cal.App.4th 817, 820 [waiving challenge to restitution order by not raising it in the trial court].) "'[C]laims involving the trial court's failure to properly make or articulate its *discretionary* sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852, italics added.) The joint and several nature of the restitution order is a discretionary sentencing choice, as it is within the trial court's *discretion* to specify that a victim restitution order is joint and several as to other codefendants. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535-1536.) Therefore, because Corsini did not ask the trial court to exercise its discretion to specify the joint and several nature of the restitution order, he may not raise the issue on appeal.

## DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
O'ROURKE, J.

6